MORSE et al. v. BAY STATE GAS CO. OF DELAWARE.

(Circuit Court, D. Delaware. June 4, 1897.)

CORPORATIONS—INCOME BONDS—NATURE OF CONTRACT—EQUITABLE JURISDICTION.

Income bonds issued by a corporation, the interest on which is payable from the net income of the corporation for the preceding year, no interest to be paid unless such income is earned, but which make the interest the first lien thereon, are not mere promises to pay, for the breach of which an action at law is the only remedy, but necessarily imply an obligation on the part of the corporation to act in good faith in the production, protection, and application of net earnings, which is fiduciary in its nature, and therefore of equitable cognizance; and, where there has been default in the payment of interest, holders of such bonds may maintain a suit in equity against the corporation for a disclosure and accounting in regard to the income earned, on allegations that it has been misappropriated.

This is a suit in equity by Godfrey Morse and others, as bondholders, against the Bay State Gas Company of Delaware. On demurrer to bill.

J. H. Hoffecker, Jr., and B. L. M. Tower, for complainants.
George Gray and H. H. Ward, for defendant.

DALLAS, Circuit Judge. This suit is brought by some of the holders of income bonds of the corporation defendant on behalf of them-

selves and all other holders of like bonds. In and by these bonds it was provided that the interest should be paid out of net earnings, and that if, in any year, there should be no net earnings, no interest should be paid. They also provided that "such net earnings are to be only such part of the income of said company as would be applicable to the payment of dividends on its capital stock, and they shall in all events be reserved and applied exclusively to the payment of said interest before and in preference to any payment on account of any other obligation of the said company disposing of the said net income, the intention of these presents being to make the payment of said interest a first charge or lien upon the said net earnings to the extent aforesaid." No interest has been paid since May 1, 1893, and the bill alleges that the successive defaults which thereafter occurred were occasioned by certain dispositions of the corporation's assets, which are charged to have been misappropriated, and by certain things done by it, which are charged to have been done in fraud of the bondholders' rights. It is not necessary to pass upon any question concerning the interests of any person or persons who are not parties to this proceeding, but as against the defendant itself the plaintiffs have presented a case which I think entitles them to discovery by answer and through an accounting in equity, and their title to any other or further relief need not now be considered. As regards the corporation which issued these bonds, their manifest meaning is conclusive as to their effect. The undertaking not to make any payment of any other obligation disposing of net income until payment of the interest on the bonds should first have been made, and the expression of intent "to make the payment of said interest a first charge or lien," would be nugatory and delusive if, as defendant contends, the only remedy for any contravention of this provision were an action at law, inasmuch as an action for the breach of a naked promise to pay would be quite as efficacious. Moreover, not only was it provided that the payment of the bond interest should be a first charge or lien upon net earnings, but also that said interest should not be payable except out of net earnings. Surely, then, the holders of these bonds are entitled to know whether there have been net earnings, and, if there have not been, whether their absence is attributable to a failure on the part of the defendant to discharge any duty which it owed to the plaintiffs. But, again, it is contended that no duty was assumed with which a court of equity is competent to deal; that what is set up amounts to but a breach of contract. I cannot assent to this. Those who took these bonds did not, as has been pointed out, accept mere promises to pay. They, of course, relied, and had a right to rely, upon the fidelity of the corporation for the production, protection, and application of net earnings, and by its necessarily implied undertaking to exercise good faith in this regard the corporation assumed an obligation which was fiduciary in its nature, and which, therefore, is of equitable cognizance. My views upon the point which was mainly pressed upon the argument have been briefly, but, I think, sufficiently, indicated. The several additional objections urged against the bill have also been considered, but none of them can be sustained. The defendant's demurrer to the bill of complaint is overruled.