## EDWARDS et al. v. BAY STATE GAS CO. OF DELAWARE.

(Circuit Court, D. Delaware. November 9, 1898.)

1. EQUITY PLEADING—GENERAL DEMURRER TO BILL.

A bill is not subject to a general demurrer if it contains any matter, properly pleaded, which constitutes grounds for equitable relief requiring an answer or plea.

CORPORATIONS—RIGHTS OF HOLDERS OF INCOME BONDS.

The holders of income bonds of a corporation, by the terms of which the interest, not exceeding a rate specified, is made a first charge or lien on the net income of the corporation, but no interest is to be paid beyond the amount of net income earned during the previous year, are creditors

who are subject to peculiar restrictions as to interest, but who have peculiar correlative rights; and when there has been default in the payment of interest they are entitled to know whether there have been net earnings, and, if not, whether it was due to any failure on the part of the corporation to discharge any duty which it owed under the contract; and they may maintain a bill in equity against it for a discovery and accounting in relation thereto.

This is a suit in equity by Jacob Edwards and others, as bondholders, against the Bay State Gas Company of Delaware. On demurrer to bill.

C. Godfrey Patterson and J. H. Hoffecker, Jr., for complainants.
George Gray and H. H. Ward, for defendant.

DALLAS, Circuit Judge. The bill in this case has been filed on behalf of the plaintiffs named therein, and of all other holders of income bonds of the defendant company who may join therein and contribute to the expense. The defendant has interposed a general demurrer to the whole bill, which, if there be matter properly pleaded and properly ground for equitable relief, requiring an answer or a plea, must be overruled. Livingston v. Story, 9 Pet. 632–659; Stewart v. Masterson, 131 U. S. 151–158, 9 Sup. Ct. 682. The controlling question in the present situation of the case, therefore, is whether the defendant should be required to answer. Upon this question I have no doubt; and whether or not the plaintiffs are entitled to the other relief prayed for need not be determined until the coming in of an answer, in which the defendant will be permitted to again set up any other of the matters which have been now urged upon the attention of the court.

The bill alleges that since May 1, 1893, the defendant company has ceased to make any payment of interest whatever upon any of its income bonds, and it alleges that the defaults which thereafter occurred have been occasioned by certain acts of that company, which the bill sets forth, and which constitute, it avers, misappropriation of the corporation's moneys, assets, and property, charged to have been fraudulent and illegal, and in violation of the bondholders' rights. The material provisions of the income bonds sued upon are as follows:

"The Bay State Gas Company, a corporation of the state of Delaware, owes, and for value received hereby promises to pay, to bearer or assigns, on the presentation hereof at its office, or that of its financial agent in the city of New York, the sum of one thousand dollars, lawful money of the United States, on the first day of May in the year one thousand nine hundred and thirty-nine, together with so much interest thereon, not exceeding seven per centum in any one year, and not to be cumulative, as the net earnings of the said company for each fiscal year ending on the thirty-first day of December will pay. Such net earnings are to be only such part of the income of the said company as would be applicable to the payment of dividends on its capital stock, and they shall, in all events, be reserved and applied exclusively to the payment of said interest before and in preference to any payment on account of any other obligation of the said company disposing of the said net income; the intention of these presents being to make the payment of said interest a first charge or lien upon the said net earnings to the extent aforesaid. * * * Said interest shall in no event be cumulative, nor shall any interest be due and payable on said bonds except out of net earnings; and if in any year there are no net earnings for the purpose, no interest shall be paid on said bonds. * * * The bonds comprised in said series shall at

all times until the conditions thereof have been duly performed, be and remain the first preferred obligation of said company, and all payments out of the said net earnings of the company shall, in all events, be made as provided in said bonds prior to any payment on account of any other obligation or agreement concerning the said net income of the said company whatsoever."

These provisions are not unilateral. Their effect is to relieve the company from the payment of interest in each fiscal year except from and out of its "net earnings" for such year, as defined; but it seems to be quite as clearly their intent that the bondholders should receive such sum as interest, not exceeding 7 per centum in any one year, as the net earnings of the company for the same year will pay. Manifestly, the bondholders are creditors of the company, but they are creditors who, with respect to interest, are subject to a peculiar restriction, and are endowed with a correlative peculiar right. They are entitled to no interest if there be no net earnings applicable, according to the terms of the bond, to its payment; but, if there be such net earnings, then, to an amount not exceeding 7 per centum in any one year, they are entitled to them. Surely, then, as was said, by this court in the case of Morse v. Gas Co., 91 Fed. 938, "the holders of these bonds are entitled to know whether there have been net earnings, and, if there have not been, whether their absence is attributable to a failure on the part of the defendant to discharge any duty which it owed to the plaintiffs." The suit to which I have referred was heard upon demurrer to the bill, and the demurrer was overruled. The question now before the court was then considered, and it is not necessary to repeat what was then said. I have, in this case, arrived at the same conclusion which was reached in that one. By this bill, as in the Morse bill, "the plaintiffs have presented a case which, I think, entitled them to discovery by answer and through an accounting in equity, and their title to any other or further relief need not now be considered." Of course, no decree will be made affecting any person who is not a party, and no decree touching the rights or obligations of any other than the corporation itself need now be anticipated. All that will or should be decided in the present state of the record is, as I have said, whether the defendant company, and it only, should be required to answer. I am of opinion that it should be, and therefore the demurrer to the bill of complaint will be overruled, but without prejudice to any other matter or question in the cause, and with leave to the defendant to answer within 30 days.