PIERRE GASSIES, PLAINTIFF IN ERROR v. JEAN GASSIES BAL-LON, DEFENDANT IN ERROR.

The petition filed in the district court of the United States of Louisiana, alleged, that the defendant had caused himself to be naturalized an American citizen, and that he was, at the time of the filing of the petition, residing in the parish of West Baton Rouge. Held, that this was equivalent to an averment that the defendant is a citizen of the state of Louisiana.

A citizen of the United States, residing in any state of the union, is a citizen of that state.

The authorities, on the question of the jurisdiction of the courts of the United States on the allegation of citizenship, in proceedings in those courts, have gone as far in limiting the jurisdiction of those courts as it would be reasonable and proper to go.

ERROR to the district court of the United States for the eastern district of Louisiana.

This case came before the district court of the eastern district of Louisiana, on a petition filed in November 1829, by Jean Gassies-Ballon, for the recovery of the proceeds of certain goods, left in the hands of his son Pierre Gassies for sale, and for a balance of an account arising out of the sale of the said goods, and other transactions between them.

The petitioner described himself in the petition as a resident of the city of Barsac, and a French citizen of the kingdom of France, and now in the parish of Baton Rouge, intending to return to France as soon as the settlement of his affairs would permit.

The defendant, Pierre Gassies his son, was described "as now residing in the parish of West Baton Rouge, where the said Pierre Gassies caused himself to be naturalized an American citizen."

The defendant appeared to the suit, and after a plea of no cause of action, which was overruled by the court, the cause was tried by a jury, and in February 1830, a verdict was rendered for the petitioner for three thousand one hundred dollars, for which sum the district court entered judgment in his favour.

The defendant prosecuted this writ of error.

The case was argued by Mr Taney for the plaintiff in error; and by Mr Key for the defendant.

VOL. VI.—4 V

[Gassies v. Ballon.]

For the plaintiff it was contended, that there was not a sufficient averment in the pleadings, that Pierre Gassies was a citizen of Louisiana, so as to sustain the jurisdiction of the district court of the United States.

The averment is, that the plaintiff in error, the defendant below, " is now residing in the parish of West Baton Rouge, where the said Pierre Gassies caused himself to be naturalized an American citizen."

To show that this was not a sufficient description of the defendant to give the courts of the United States jurisdiction, the following cases were cited. Coxe's Digest, 434. 3 Dall. 382. 4 Dall. 11. 1 Cranch, 343. 2 Cranch, 9, 126. 5 Cranch, 303. 6 Wheat. 450.

Mr Key, for the defendant in error. The averment is, that the defendant in the district court resides in the parish of West Baton Rouge, where he has caused himself to be naturalized as an American citizen. He is then a citizen of the United States, made so by naturalization, and residing in Louisiana. This makes him a citizen of Louisiana; he became so by residing in that state. Cited, 3 Wash. C. C. R. 546. 1 Paine, 580. Gordon's Digest, 270.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

In this case the court is of opinion that the jurisdiction can be sustained. The defendant in error is alleged in the proceedings to be a citizen of the United States, naturalized in Louisiana, and residing there. This is equivalent to an averment that he is a citizen of that state. A citizen of the United States, residing in any state of the union, is a citizen of that state.

The authorities on this question have gone far enough; and this court is not disposed to narrow any more the limitations which have been imposed by the decided cases. They have gone as far as it would be reasonable and proper to go. The judgment of the district court of Louisiana is affirmed.