## COOPER *v.* NEWELL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 129. Submitted December 18, 1894. — Decided January 7, 1895.

*Horne* v. *George H. Hammond Co.*, 155 U. S. 393, affirmed and applied.

TRESPASS to try title. The premises in dispute were alleged in the plaintiff's petition to be " of the value of fifty thousand dollars." The allegations therein respecting the citizenship of the parties were as follows : " The petition of Stewart Newell, a resident citizen of the city of New York, in the State of New York, hereinafter styled plaintiff, complaining of Eliza Cooper, B. P. Cooper, and Fannie Westrope, all residents of Galveston County, in the State of Texas, and hereinafter styled defendants." No other allegations on this point were made below, and no question of jurisdiction was raised there. Verdict and judgment for plaintiff. Defendant sued out this writ of error. In his brief, filed in this court, the counsel for the plaintiffs in error said : " We here assign, as ground for reversal, the further error that the court had no jurisdiction of the cause, in that the citizenship of the defendants is not disclosed by the record. The petition complains of defendants ' all residents of Galveston County, in the State of Texas.' Nothing further on the subject is reflected by the record."

*Mr. F. Charles Hume* for plaintiffs in error.

*Mr. John Ireland* and *Mr. A. H. Garland* for defendant in error. *Mr. Garland*, in his brief, said:

Counsel for plaintiffs presents here to this court a question which is not raised in the court below, and it is now for the first time in the progress of the case suggested; and that is, that there is no sufficient averment of the citizenship of the defendant below to give the trial court jurisdiction of this cause. It is true that the petition does not state with directness that defendants below were citizens of the State of Texas, but if their citizenship can be sufficiently shown by the record, that will be sufficient. In other words, it is not necessary, in order to give the jurisdiction, that citizenship should absolutely be averred in the petition or declaration. To use the language of the Chief Justice in *Railway Co.* v. *Ramsey*, 22 Wall. 322, 328, " If, therefore, with these papers in the record the jurisdiction would appear, the judgment ought not to have been arrested," we say, if the papers and proceedings in this record show the citizenship, that would be quite sufficient." That case has been affirmed and followed by this court in *Briges* v. *Sperry*, 95 U. S. 401; *Robertson* v. *Cease*, 97 U. S. 646; and *Grace* v. *American Ins. Co.*, 109 U. S. 278.

Now to the record : they are averred in the petition to be residents; residence is *prima facie* evidence of citizenship. Then the averment is distinct that they entered into possession of the land in controversy, ejected Newell therefrom, and are in possession of the land, and withhold it from him. Then they are served with process where they are residents, and they come and appear by attorney and plead to the merits of the case. Ordinarily right here the question would end, and they would not be permitted to raise the point of jurisdiction. Here is an express waiver of the question, and a virtual admission of citizenship. Upon this state of the case, to say no more, it would appear that there was jurisdiction ample and complete. And it is entirely too late, in view of these facts, to insist upon the question here. *Gassies* v. *Ballon*, 6 Pet. 761; *Express Co.* v. *Kountze Bros.*, 8 Wall. 342; *Bradstreet* v. *Thomas*, 12 Pet. 59.

THE CHIEF JUSTICE: The judgment is reversed and the cause remanded to the Circuit Court for further proceedings, upon the authority of *Horne* v. *George H. Hammond Company, ante,* 393, and cases cited. *Reversed.*