## LITTELL v. ERIE R. CO.

(Circuit Court, S. D. New York. November 7, 1900.)

JURISDICTION OF FEDERAL COURTS—SUFFICIENCY OF ALLEGATION OF CITIZENSHIP.

    An allegation in a complaint that plaintiff is a citizen of the United States, and an actual resident of a state named, is a sufficient allegation of his citizenship in such state for jurisdictional purposes.

At Law. On demurrer to complaint.

Wayland E. Benjamin, for plaintiff.
Allen Wardwell, for defendant.

WHEELER, District Judge. Jurisdiction of this case depends upon citizenship. The complaint alleges "that the plaintiff now is, and at all times hereinafter mentioned was, a citizen of the United States, and an actual resident of the state of New Jersey." The defendant has demurred, assigning this to be an insufficient allegation of citizenship in New Jersey. But citizens of the United States residing in any of the states are citizens of those states. Gassies v. Ballon, 6 Pet. 761, 8 L. Ed. 573; Dred Scott v. Sandford, 19 How. 393, 15 L. Ed. 691; Boyd v. Nebraska, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103. This allegation is, therefore, a full equivalent of what a direct one would be that the plaintiff is a citizen of New Jersey. In the cases cited in support of the demurrer there does not appear to have been any such allegation relating to citizenship of the party in question as this. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Insurance Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 873, 30 L. Ed. 914; Wolfe v. Insurance Co., 148 U. S. 389, 13 Sup. Ct. 602, 37 L. Ed. 493; Horne v. George H. Hammond Co., 155 U. S. 393, 15 Sup. Ct. 167, 39 L. Ed. 197; Cooper v. Newell, 155 U. S. 532, 15 Sup. Ct. 355, 39 L. Ed. 249. Such a one was held to be sufficient in Gassies v. Ballon, and was so recognized in Dred Scott v. Sandford, which have not been either expressly or impliedly overruled as to this. Demurrer overruled.