MEXICAN CENT. RY. CO., Limited, v. GLOVER.

(Circuit Court of Appeals, Fifth Circuit. March 5, 1901.)

No. 958.

1. PEREMPTORY INSTRUCTION FOR DEFENDANT—REFUSAL.
    Refusal of a peremptory instruction for defendant at the close of plaintiff's evidence was proper, if at the time of the request therefor defendant had not rested, but afterwards introduced evidence in its own behalf.

2. RAILROAD COLLISION—INJURY TO FIREMAN—NEGLIGENCE OF COMPANY.
    Plaintiff, a fireman on a north-bound train, was injured in jumping from his engine to avoid being involved in a collision with a south-bound train standing on the main track at a blind siding, where the trains had been ordered to meet. The night was dark, and the engine in front of him was without headlight or signal lamps, and the wind was blowing sand and snow across the track. The siding was without a telegraph station or a signal house by which it could be recognized, and it was a fair inference from the evidence that there was no signal light at the meeting point. *Held*, that the negligence causing the collision was attributable to the company, in ordering the trains to meet at such place, though it concurred with negligence on the part of plaintiff's fellow servants, the conductor and engineer of the south-bound train, in operating it without lights.

3. INJURIES TO EMPLOYES—EMPLOYER'S LIABILITY FOR NEGLIGENCE—LAWS OF MEXICO—PRESUMPTION.
    In the absence of proof, it is to be presumed that in the matter of the liability of an employer for his negligence resulting in injuries to an employé, the law of Mexico is the same as the law of Texas, in both of which the civil law originally prevailed.

4. SAME—LIABILITY OF RAILROAD COMPANIES.
    The Mexican railroad law, declaring (article 184) that "railway companies are liable for all faults or accidents which occur through the

tardiness, negligence, imprudence, or want of capacity of their employés," makes a company liable for an injury to an employé resulting, either solely from its own negligence, or from its own negligence concurring with that of fellow servants.

**5. INSTRUCTIONS TO JURIES—PRACTICE IN FEDERAL COURTS.**

The laws of Texas as to instructing the jury in writing do not obtain in the federal courts.

**6. INJURY TO FIREMAN—ACTION FOR INJURIES TO FIREMAN—PEREMPTORY INSTRUCTION FOR PLAINTIFF.**

Where the uncontradicted facts establish the negligence of the company and its agents in causing an injury to a fireman, and his right to recover damages therefor, no error can be predicated on a peremptory instruction in his favor.

**7. CIRCUIT COURT—EXAGGERATION OF DAMAGES TO CONFER JURISDICTION—QUESTION FOR COURT.**

Whether plaintiff's demand for damages was colorable and exaggerated, to confer jurisdiction on the circuit court, presents a question for the court to decide, which, if proper to submit to the jury, should be submitted as to the facts, and separate from the merits.

**8. ACTION FOR INJURIES TO FIREMAN—PLEADING AND PROOF.**

A petition for injuries to a fireman alleged that "he was greatly, seriously, and permanently injured on his head, eye, right shoulder, hand, side, leg, hips, back, and spine, and was seriously and permanently injured for life," and that "as a result of his injuries he has become weak, inefficient, and incapacitated in his business of railroading, in which he is skilled." *Held* to warrant evidence of vomiting and hemorrhages which followed soon after the injuries complained of.

In Error to the Circuit Court of the United States for the Western District of Texas.

J. M. Glover, defendant in error, brought this suit in the court below against the Mexican Central Railway Company, Limited, plaintiff in error, to recover damages against said railway company for personal injuries alleged to have been received by said Glover in the republic of Mexico, while an employé of said company, in jumping from the engine of which he was fireman, when it was about to collide with a train standing on the main track of said company's line. Glover claimed in his petition that the company was negligent in employing an untried engineer, unacquainted with the road, and in failing to furnish sufficient oil for headlights of the train which he met on the main track; that on account of said negligence the locomotive had no headlight, and said train could not be seen until Glover's train had approached the same so close that a collision and wreck could not be averted, and that plaintiff jumped from his engine in order to avoid serious bodily injuries; that the crew of Glover's train had orders to meet the train with which it collided at a station called "Agua Nueva"; that the engineer of the train with which Glover's train collided negligently, carelessly, and willfully ran by said station of Agua Nueva during the night without looking to see or using any diligence, and was met by Glover's train several miles beyond said station; that in jumping from his engine plaintiff struck his head, shoulder, arm, back, right side, and hips, thereby greatly, seriously, and permanently injuring his head, eyes, right shoulder, hand, side, leg, hips, back, and spine, for which he claimed damages in the sum of $15,000. Upon the trial, judgment was rendered for Glover in the sum of $1,085, from which this writ of error is sued out.

A bill of exceptions purporting to contain all the evidence offered shows Mexican law proved as follows:

"Art. 308. Federal Penal Code of Mexico. No person can be charged with civil liability upon an act or omission contrary to a penal law, unless it be proven that the party sought to be charged, usurped the property of another, or that without right he caused himself, or any means of another, damages or injuries to the plaintiff, or that the party sought to be charged, being able to avoid the damages they were caused by a person under his authority.

"Art. 309. Whenever any of the conditions of the present article are established, the defendant shall be civilly liable without regard to whether he be absolved or condemned to criminal liability."

"Art. 312. In order that the master may be held civilly liable through their clerks and servants according to the provisions of articles 308 and 309, it is an indispensable condition that the act or omission of the clerks or servants causing the liability shall occur in the service for which they were employed.

"Art. 313. Under the conditions of the preceding article, those liable are * * * railway companies."

Also the following articles from the act of congress of Mexico of December 16, 1881:

"Article 1. The executive shall regulate the service of railroads, telegraphs and telephones constructed, or which in the future may be constructed upon Mexican territory, according to the following cases: (1) Railroads, telegraphs and telephones which in the federal district and territory of Lower California, unite together two or more municipalities, or the federal district and territory of Lower California with one or more states; those which communicate with two or more states with each other; those which touch at any point in the territorial boundary line of the republic and foreign countries or run parallel therewith within a region of twenty leagues, are known as general lines of communication within the meaning of fraction XXII of art. 72 of the constitution. (2) These general lines of communication and their branches shall be subject exclusively to the federal legislative, executive and judicial powers, in their respective spheres, in all cases where any of the following matters are involved: * * * (g) Construction and repair of the works. Crimes committed against the security or integrity of the works or against the operation of the lines. (h) Security of the same works for which the companies are obligated, and crimes or misdemeanors of the companies through delays or obstruction, carelessness or fault in the service and for accidents or mishaps in the operation."

From the regulations for the construction, maintenance and operation of railroads:

"Art. 52. The coaches and cars which enter into the make-up of a train shall have the drawheads of the same height, so that their centers will be opposite to each other.

"Art. 53. The conductor of a train en route is the person in command of all the train crew, including the engineer and fireman."

"Art. 121. Engineers shall communicate by means of a steam whistle with the agents charged with the duty of watching, and with the conductors of trains, using the following signal: * * * Three blasts or sounds of the whistle shall be the signal that the entire train is going to move backward."

"Art. 124. Companies [railroad] are liable for accidents which occur through the failure to observe the provisions of this chapter [chapter 7], respecting signals, and for employing people who do not have certificates showing that their sight and hearing are free from infirmity which does not permit them to recognize the signals."

"Art. 184. Companies [railway] are liable for all faults or accidents which occur through tardiness, negligence, imprudence or want of capacity of their employés."

"Art. 208. All violations of this law, which companies [railway] commit, shall be subject to punishment by the administration by fine up to five hundred dollars, which the department of public works shall assess, reserving always the right of individuals, through indemnity, and the liability which the companies may have incurred through criminal acts or omissions committed by them."

The bill of exceptions concludes as follows:

"Here plaintiff rested, whereupon defendant filed its written motion requesting the court to instruct for defendant for the reason that the testimony showed that the wreck and plaintiff's injuries resulted through the negligence of the engineer in charge of engine No. 229, in running beyond his meeting

point, and in failing to have his headlight burning; that said engineer was the fellow servant of plaintiff, for whose negligence defendant was not liable. Whereupon the court held that the evidence showed that plaintiff's injuries resulted through the negligence of the engineer in charge of engine No. 229, who was a fellow servant with plaintiff, but held that he would presume that the civil law existed in the republic of Mexico, and that under the civil law the doctrine of fellow servant is not recognized, and that therefore defendant railway company was liable for the negligence of plaintiff's fellow servant, the engineer in charge of engine No. 229, and wherefore said motion to instruct was overruled; said motion being as follows, to wit: 'Now, in the above styled and numbered cause comes the defendant, after plaintiff had closed his testimony and rested, before any testimony was introduced by defendant, and moves the court to instruct the jury as follows: "Gentlemen of the Jury: Plaintiff having failed to prove by competent evidence under the pleadings sufficient facts to warrant his recovery herein, you are charged to find a verdict for defendant." ' Upon the overruling of said motion defendant then and there, in open court, duly excepted, and now herewith tenders this, its first bill of exception, asking that the same be allowed by the court and made a part of the record herein, which is accordingly done. Aleck Boarman, Judge.

"Whereupon, after said motion was overruled, defendant asked leave to offer testimony as to the extent and character of plaintiff's injuries, and upon only said issue, which privilege was granted by the court, and the following testimony was offered by defendant: * * * Under all of the foregoing proof, defendant again asked the court to give the following charge: 'Defendant asks the court to charge the jury to find a verdict in this case for defendant.' Which charge was by the court refused, and defendant then and there in open court excepted, and herewith tenders this its second bill of exception, asking that the same be allowed by the court and made a part of the record herein, which is accordingly done, this ——— day of ———, A. D. 1900. Aleck Boarman, Judge.

"Be it further remembered, that upon the foregoing proof the court gave to the jury no charge in writing, but verbally instructed the jury. To the action of the court in instructing the jury verbally, without giving them a written charge, defendant then and there in open court excepted, and now herewith tenders this its third bill of exception, asking that same be allowed by the court and made a part of the record herein, which is accordingly done, this ——— day of ———, A. D. 1900. Aleck Boarman, Judge.

"Be it remembered, further, that the court, proceeding to instruct the jury verbally, charged the jury to find for the plaintiff as against defendant under the foregoing proof, leaving only the question of the extent of plaintiff's damages as an issue to be determined by the jury; the court assuming, as a matter of law, that defendant was guilty of negligence resulting in plaintiff's injury, defendant being bound by the negligence of its employés. To the action of the court in instructing the jury to find for plaintiff as against defendant under said proof, defendant then and there in open court excepted, and now herewith tenders this its fourth bill of exceptions, asking that the same be allowed by the court and made a part of the record herein, which is accordingly done, this ——— day of ———, 1900. Aleck Boarman, Judge.

"Be it further remembered, that the court, proceeding to instruct the jury verbally upon the measure of damages, was requested by defendant to submit to the jury the issues raised by defendant's plea, to the effect that if plaintiff fraudulently sought to give the court jurisdiction over this controversy, that if plaintiff had suffered no serious or permanent injuries, and that if plaintiff was injured at the time he alleges in his petition, but that if his injuries were of a temporary and slight nature, and that if plaintiff sought to give this court the jurisdiction by fraudulently claiming that his injuries were serious or of a permanent nature, when he knew that the injuries sustained by him were insignificant, and that his damage would be much less than the jurisdictional amount of this court, they should find for defendant, which instruction was refused by the court, the court failing and refusing to instruct the jury as to the issue raised by plaintiff's plea in toto, to which action of the court defendant then and there in open court excepted, and herewith

tenders this its fifth bill of exceptions, asking that the same be allowed by the, court and made a part of the record herein, which is accordingly done, this ·21st day of May, A. D. 1900. Aleck Boarman. Judge."

Another bill of exceptions shows:

"That upon the trial of the above styled and numbered cause, while testifying upon the stand in his own behalf, in answer to questions asked by his attorneys, plaintiff testified: 'I did vomit later on, when I tried to go to work. Threw up blood. It was from my stomach, I guess. It came out of my mouth, and not out of my nose. It had never occurred before. It occurred the second night after I went to work, and about three weeks after I was injured. Mr. Cole was with me when I had the hemorrhage.' To which testimony the defendant then and there in open court objected, and asked that the court exclude the same, for the reason that there were no allegations in plaintiff's petition sufficient to warrant the introduction of evidence as to such character of injuries; the allegations of said petition as to the character of injuries sustained by plaintiff being as follows: 'That he was greatly, seriously, and permanently injured on his head, eye, right shoulder, hand, side, leg, hips, back, and spine, and was seriously and permanently injured for life.' 'That, as a result of his injuries, he has become weak, inefficient, and incapacitated in his business of railroading, in which he is skilled.' Which objection the court overruled, and defendant then and there in open court excepted."

T. A. Falvey and Waters Davis, for plaintiff in error.

G. E. Wallace, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges.

PARDEE, Circuit Judge, after stating the facts in the foregoing language, delivered the opinion of the court.

The first assignment of error, complaining of the refusal of the court below to instruct the jury at the close of the plaintiff's evidence to find for the defendant, is not well taken, because at the time of requesting such instruction the defendant had not rested its case, but afterwards went on and introduced evidence in its own behalf. Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266; Insurance Co. v. Crandal, 120 U. S. 527, 530, 7 Sup. Ct. 685, 30 L. Ed. 740.

The second assignment of error alleges that the court erred in refusing to instruct the jury to find for the defendant after all the testimony was offered, on the ground, first, that plaintiff's injuries resulted through no negligence of defendant in any respect whatsoever, but plaintiff's injuries resulted through the negligence of Ragland, the engineer of the south-bound train hauled by engine No. 229 in running beyond Agua Nueva, the meeting point, and in failing to have a headlight burning upon his engine. Under the evidence as recited in the transcript the collision between the north and south bound trains of the defendant company on the main track was due to the negligence of the company and of its agents in charge and control of the south-bound train, and we do not think that under the evidence the sum total of the negligence can be apportioned to Ragland, the engineer in charge of the south-bound train. It is admitted the night was dark, the engine was without headlight or signal lamps, the wind was blowing sand and snow across the track, while the place at which the trains were to meet was only a blind siding,—a place without a telegraph station or a signal

house by which it might be recognized. Whether there was any signal light at the meeting point does not appear by the evidence, and it is a fair inference that there was none. Under this state of facts, the negligence causing the collision may well be attributed to the company in ordering the trains to meet at such blind siding. It may also fairly be inferred that with such negligence of the company there was concurring negligence on the part of the conductor and engineer operating the south-bound train without a headlight or any signal lights.

The second reason assigned to show error in the ruling of the court is:

"That the court could not presume the existence of the Civil Code in Mexico; that it could not presume that the principle of assumed risk of negligence of fellow servants was not in vogue in Mexico, and for the reason that plaintiff did not plead or attempt to prove that the civil law was in effect in Mexico, concerning the matter of liability and rights of railroad companies, but pleaded and set up various statutes of Mexico concerning the rights of action against railroads, and liabilities of railways and corporations for damages in suits of this kind, claiming that defendant was liable by reason of the statutory law of Mexico, not the civil law; that none of the laws set up and pleaded by plaintiff showed that the defendant was liable for negligence of plaintiff's fellow servant Ragland."

In Railway Co. v. Marshall, 34 C. C. A. 138, 91 Fed. 938, in which the law of Mexico with regard to employers' liability was in question, this court held:

"In the absence of proof, it is to be presumed that in the matter of liability of an employer for his negligence, resulting in injuries to an employé, the law of Mexico is the same as the law of Texas, in both of which the civil law originally prevailed. See Phil. Ev. (Cowen & Hill's and Edwards' notes) p. 429 et seq., and adjudged cases there cited; 1 Rice, Ev. p. 65; Whart. Ev. § 1292. Indeed, there is good authority for holding that, as the state of Texas recently constituted a part of the republic of Mexico, the courts in the state of Texas, in proper cases, will take judicial notice of the laws common to both prior to the separation. Malpica v. McKown, 1 La. 248; Berluchaux v. Berluchaux, 7 La. 539. Further than this, it is to be noticed that under the laws of Mexico, as proved herein, it is clear that a civil action may be brought to recover damages resulting from negligence."

And we think the same rule should be applied in this case, so far as the law of Mexico was not proved on the trial. The record shows, however, that the defendant pleaded and proved the following as being laws in force in Mexico, to wit:

"Art. 53. The conductor of a train en route is the person in command of all the train crew, including the engineer and fireman."

"Art. 184. Railway companies are liable for all faults or accidents which occur through the tardiness, negligence, imprudence or want of capacity of their employés."

And the plaintiff proved rules of the Mexican Central Railway Company as follows:

"Rule No. 34. Each train running after sunset, or when obscured by fog or other cause, must display the headlight in front, and two or more red lights in the rear."

"Rule No. 84. All north-bound trains have the absolute right of track over all south-bound trains."

It follows that the court did not err in refusing to instruct the jury to find a verdict for the defendant, because, whether the acci-

dent resulted solely from the negligence of the company, or resulted from the negligence of the company concurring with that of a fellow servant of the plaintiff, under the laws of Mexico, the defendant company is liable for the damages resulting.

The third assignment of error complains of the action of the court in instructing the jury verbally instead of in writing, for the reason that under the laws of the state of Texas the courts are required to give their instructions in writing, and for the further reason that the defendant could not reserve its exceptions to the charge of the court without interrupting the court at the time it was delivering its charge, and the jury could not so well understand the law under verbal instructions as they might have done under written instructions. Assuming that this assignment of error is serious, we dismiss it with the remark that the laws of Texas with regard to instructing juries in the state courts do not prevail in the courts of the United States.

The fourth assignment of error complains that the court instructed the jury to find against the defendant and in favor of the plaintiff for such damages as the plaintiff sustained. The reason assigned is that it was the province of the jury to pass upon the question as to whether or not, under the proof, any one was guilty of negligence entitling plaintiff to recover; and, further, that it was the province of the jury to pass upon the credibility of the witnesses and the weight of the evidence. The uncontradicted facts in the case established the negligence of the company and its agents, and also, in our opinion, the right of the plaintiff to recover damages for such injuries as he suffered.

The fifth assignment of error complains that the court erred in refusing to charge the jury upon the issues presented by the defendant's plea to the jurisdiction, for the reason that it appeared from the testimony in the case that the plaintiff was not seriously or permanently injured, and that he sought to exaggerate his claim for damages in order to bring his case within the jurisdiction of the court. The question whether the demand of the plaintiff for damages was colorable and exaggerated for the purpose of conferring jurisdiction on the circuit court was one for the court to decide. Section 5, Act March 3, 1875 (18 Stat. 472; 25 Stat. 433, § 6). If proper to submit it at all to a jury (on which we express no opinion), the submission should be as to facts, and separate from the merits. The submission of the question as asked by plaintiff in error, if granted, and the finding had been favorable, would have resulted in res adjudicata as to defendant in error's right to recover for such damages as he actually suffered. The case was submitted solely as to the damages suffered by the plaintiff below, and the verdict was for $1,085. The record shows no renewal of the application to dismiss the case for fraud on the jurisdiction of the court.

The sixth and seventh assignments of error complain of the admission of evidence over the objections of the defendant below tending to show that the plaintiff suffered from hemorrhages and vomiting within a short time—two or three weeks—after the injuries complained of. The evidence was objected to because there are no

allegations in the plaintiff's petition sufficient to warrant the introduction of evidence as to such injuries. The allegations of the petition as to the character of injuries are that "he was greatly, seriously, and permanently injured on his head, eye, right shoulder, hand, side, leg, hips, back, and spine, and was seriously and permanently injured for life," and that "as a result of his injuries he has become weak, inefficient, and incapacitated in his business of railroading, in which he is skilled." Evidence of vomiting and hemorrhages which followed soon after the injury directly tended to establish the character of Glover's injuries, and we are clear that the allegations of the petition are sufficiently broad to fully permit such evidence. See 5 Enc. Pl. & Prac. p. 746; Railway Co. v. McMannewitz, 70 Tex. 73, 8 S. W. 66; Railway Co. v. Harris, 122 U. S. 608, 7 Sup. Ct. 1286, 30 L. Ed. 1146.

This disposes of all the assignments of error, and with such result that the judgment of the circuit court must be affirmed; and it is so ordered.