### In re HADDEN RODEE CO.

(District Court, E. D. Wisconsin. November 28, 1904.)

**1. BANKRUPTCY — JURISDICTION OF BANKRUPTCY COURT — ADVERSE CLAIM TO PROPERTY.**

A petition filed in a bankruptcy proceeding by an adverse claimant of property which is also claimed by the trustee as a part of the bankrupt's estate, to determine the ownership thereof, presents a controversy in relation to the estate of which the court of bankruptcy is given jurisdiction by Bankr. Act July 1, 1898, c. 541, § 2, subd. 7, 30 Stat. 545 [U. S.

Comp. St. 1901, p. 3420]; and, the adverse claimant having voluntarily invoked such jurisdiction, no objection thereto can be raised by the trustee.

## In Bankruptcy.

On review of the order of the referee taking jurisdiction of a controversy presented on behalf of the Merchants' & Miners' Bank, as petitioner, claiming ownership of certain shares of mining stock by purchase for the bank, through the bankrupt; such shares being in the hands of the secretary of the mining company for delivery to the owner. It is alleged that such secretary refuses to deliver possession without consent of the trustee in bankruptcy, who claims title or interest therein for the estate; and the relief sought is, in effect, determination of the ownership as between the petitioner and the trustee. The trustee raises objection that such controversy is not within the bankruptcy jurisdiction.

Bloodgood, Kemper & Bloodgood, for petitioner.
W. A. Hayes and Turner, Pease & Turner, for trustee.

SEAMAN, District Judge (after stating the facts). The question of jurisdiction thus presented impresses me as free from difficulty, under the entire line of decisions by the Supreme Court in reference to the bankruptcy jurisdiction conferred by the present act, from Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, to Hewit v. Berlin Mach. Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, inclusive. The subject-matter of the petition is the title to or interest in property claimed by the trustee as part of the estate, and "controversies in relation thereto, except as herein otherwise provided," are expressly declared by Bankr. Act July 1, 1898, c. 541, § 2, subd. 7, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], to be within the jurisdiction of courts of bankruptcy. As this is not a plenary suit, within the exceptions found in section 23 (30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), and the subject-matter is plainly cognizable in bankruptcy, the only inquiry is whether the adverse claimants as well are subject to the bankruptcy jurisdiction. Can this be doubted, when the one party is the trustee of the estate in bankruptcy, and the other voluntarily submits the controversy to the court for settlement? Surely the trustee, as the hand of the court in such matter, cannot withhold submission, if the consent of the adverse claimant confers jurisdiction for its determination. The authorities referred to concur in upholding jurisdiction in the bankruptcy court to that end when such consent plainly appears. Vide Loveland on Law of Bankruptcy (2d Ed.) 73. As the court is charged with the administration of the entire estate of the bankrupt, it must necessarily determine all "controversies in relation thereto" which are brought before it, and the test of power is the presence of all parties in interest. Voluntary appearance establishes such presence. Questions of the power to entertain summary proceedings against adverse claimants of property have frequently arisen, and the doctrine is settled that such proceedings are authorized only when the property is in the possession of the court, or in cases wherein the statute so provides in express terms. But no such inquiry or test is involved in the present proceeding, and I am of opinion that the controversy

so submitted is plainly within the bankruptcy jurisdiction. In conformity with the ruling of this court in the Case of H. B. Drayton, Bankrupt, 135 Fed. 883, the referee is invested with such jurisdiction, subject to review, and he rightly overruled the trustee's objection. His order, accordingly, is affirmed.