McELDOWNEY v. CARD et al.

(Circuit Court, E. D. Tennessee, N. D. September 21, 1911.)

No. 1,581.

1. BANKRUPTCY (§ 294*)—SUIT BY TRUSTEE—JURISDICTION—CONSENT OF DEFENDANT—WHEN GIVEN.

Under Bankruptcy Act, § 23b (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 [U. S. Comp. St. Supp. 1909, p. 1312]), which provides that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them if bankruptcy proceedings had not been instituted "unless by consent of the proposed defendant," the defendants consent need not have been given before the suit was instituted, nor need it expressly appear of record, but may be sufficiently shown by conduct necessarily implying such consent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 412; Dec. Dig. § 294.*]

2. BANKRUPTCY (§ 294*)—SUIT BY TRUSTEE—JURISDICTION—"CONSENT OF DEFENDANT."

Where in a suit by the trustee the defendants appeared and filed pleas to the merits, including not merely defensive pleas but a plea of set-off in which they affirmatively invoked the jurisdiction of the court in their own behalf and prayed for judgment against the plaintiff and proceeded to a trial upon the merits without objection to the jurisdiction of the court, they must be deemed to have consented to the prosecution of the suit in the federal court within the meaning of such section.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 294.*

For other definitions, see Words and Phrases, vol. 2, pp. 1437–1441; vol. 8, p. 7612.]

3. BANKRUPTCY (§ 294*)—SUIT BY TRUSTEE—LOCAL JURISDICTION OF COURT—OBJECTION—WAIVER.

As such section is not one conferring jurisdiction, but merely contains a limitation upon the local jurisdiction of the particular court in which the suit is brought, it is to be deemed merely a personal privilege given to the defendant, and hence, in a suit brought in a federal court, where the case presented is within the general jurisdiction of the court, if the defendant appear and plead to the merits without objection for want of local jurisdiction, he is to be deemed as having thereby waived this ground of objection.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 412; Dec. Dig. § 294.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

4. COURTS (§ 325*)—FEDERAL COURTS—JURISDICTION—OBJECTION—WAIVER.

An objection that a case is not within the general jurisdiction of the federal court cannot be waived by the defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884; Dec. Dig. § 325.*]

5. COURTS (§ 324*)—FEDERAL COURTS—JURISDICTION—NECESSITY OF RAISING QUESTION.

Under the express provisions of Act March 3, 1875, c. 137, § 5, 18 Stat. 472 (U. S. Comp. St. 1901, p. 511), it is the duty of the court on

its own motion to inquire into the question whether a case is within its general jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 324.*]

6. BANKRUPTCY (§ 294*)—CIRCUIT COURT—JURISDICTION.

A suit by a trustee in bankruptcy to recover for breach of a contract made by him with the defendants is not within the jurisdiction conferred by Bankruptcy Act, § 23a (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), which provides that the "United States Circuit Courts shall have jurisdiction of all controversies at law and in equity as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversy had been between the bankrupt and such adverse claimants."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 412; Dec. Dig. § 294.*]

7. BANKRUPTCY (§ 294*)—FEDERAL COURT—JURISDICTION—SUIT BY TRUSTEE.

The mere fact that plaintiff is a trustee in bankruptcy does not give jurisdiction to the Circuit Court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 412; Dec. Dig. § 294.*]

8. COURTS (§ 322*)—FEDERAL COURT—JURISDICTION—DIVERSITY OF CITIZENSHIP—ALLEGATIONS.

An allegation that plaintiff was a resident of one state and that the defendants were citizens of another is not sufficient to show diversity of citizenship so as to confer federal jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881; Dec. Dig. § 322.* '

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

9. COURTS (§ 322*)—FEDERAL Courts—JURISDICTIONAL AVERMENTS—AMENDMENTS.

The trial court may, in the exercise of its discretion, permit amendments to the pleadings making necessary jurisdictional averments, even after a case has been remanded by the appellate court for want of such averments.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 887; Dec. Dig. § 322.*]

10. COURTS (§ 322*)—JURISDICTIONAL AVERMENTS—AMENDMENTS.

And such amendment may properly be allowed by the trial court even after verdict and entry of judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 887; Dec. Dig. § 322.*]

11. COURTS (§ 322*)—FEDERAL COURTS—JURISDICTIONAL AVERMENTS—AMENDMENTS—PRACTICE.

After verdict for plaintiff in a suit brought in the federal court, the defendants moved for a new trial. Before action taken on this motion, it appeared, on inquiry by the court, that neither the pleadings nor proof presented a case within the jurisdiction of the court as a federal court, either by reason of diversity of citizenship or otherwise. *Held* that, on tendering affidavits showing the existence of diversity of citizenship, the plaintiff should be permitted to amend the declaration, by making the necessary jurisdictional averments, with leave to defendants to challenge same by plea in abatement, and that pending the determination of such jurisdictional issues the verdict should be permitted to stand, and such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action thereafter taken in regard thereto, upon the motion for new trial or otherwise, as might appear proper after the determination of the jurisdictional questions.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 322.*]

At Law. Action by M. T. McEldowney, Trustee in Bankruptcy of the estate of Clairfield Lumber Company, against A. H. Card and others. Verdict for plaintiff, and defendants move for arrest of judgment and dismissal. Denied.

Lucky, Fowler & Andrews, for plaintiff.
Shields, Cates & Mountcastle, for defendants.

SANFORD, District Judge. This is a suit brought by the plaintiff McEldowney, in 1909, as trustee in bankruptcy of the estate of the Clairfield Lumber Company to recover the sum of $9,000, alleged to be due him by two of the defendants as principals and by the other defendants as their sureties, as the balance of the purchase price due for certain logs which came into his hands as part of the bankrupt estate and were sold by him to the two principal defendants. The declaration alleged that the plaintiff was a resident of the State of Kentucky, duly appointed by the District Court of the United States for the Eastern District of Kentucky as trustee of the estate of the said bankrupt, and that all of the defendants resided out of the State of Kentucky and were citizens and residents of the State of Tennessee. Neither the citizenship nor residence of the bankrupt was, however, alleged. The defendants having been duly summoned, appeared and, without demurring for want of jurisdiction or filing any plea to the jurisdiction of the court, filed three pleas to the merits, namely, a general plea of nil debet, a special plea denying various averments of the declaration and alleging various matters of defence, and an affirmative plea alleging that the plaintiff had contracted with the defendants to pay them the reasonable value of the use and occupation of a lumber yard belonging to them, reasonably worth $2,000.00 which sum they offered to set off against the plaintiff's demand, if any he had. In this last plea the defendants also asked for judgment against the plaintiff for the sum of $2,000.00 thus plead as a set-off, having apparently in view the express provisions of sections 2992 and 4160 of the Code of Tennessee (Shan. 4643 and 5973), that if the demand set off by the defendant be found to exceed the amount of the plaintiff's demand or if the plaintiff fails in establishing any demand and the defendant establishes his set-off, judgment shall be rendered against the plaintiff and in favor of the defendant for the amount of such excess or for the full amount of the set-off, as the case may be. Boone v. Bush, 91 Tenn. 29, 17 S. W. 792, and cases cited. Replications were filed to these pleas.

A trial was had to a jury at the present term of court. No evidence was offered as to the residence or citizenship of the bankrupt; and, on the other hand, no objection to the jurisdiction was made at the trial, by request for instructions to the jury, or otherwise. There was a verdict in favor of the plaintiff and against the defendants for

the sum of $7,527.88. Before the entry of a judgment upon this verdict the defendants moved for a new trial, and thereafter, without prejudice to their motion for a new trial, moved that the judgment be arrested and the suit dismissed for want of jurisdiction. The sole ground of this motion, as appears from the brief filed in support thereof, is that since it is provided by section 23b of the Bankruptcy Act, as amended by the Act of February 5, 1903, c. 487, § 8, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1312), that "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or presented them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant," except in certain cases not here material, in the absence of any averment or proof showing that the citizenship of the bankrupt was such that it could have brought suit against the defendants in this court or that the "proposed" defendants had consented to the bringing of the suit before its institution, the suit is not, under the limitations contained in this section of the Bankruptcy Act, now within the jurisdiction of the court.

[1] 1. Without determining whether, under the language of the Act and of the opinion in Spencer v. Silk Co., 191 U. S. 526, 24 Sup. Ct. 174, 48 L. Ed. 287, this section of the Bankruptcy Act applies to a suit brought by the trustee in his own right and upon his own contract in reference to which no right of action had ever vested in the bankrupt, I think it is clear that even if it does so apply, the mere use in this section of the words "proposed defendant" is not sufficient, under a fair and reasonable construction, to indicate the intention of Congress that the defendant's consent to being sued in the particular court must have been given before the suit is instituted, especially as this section relates by its express terms to either the bringing or the prosecution of the suit, but that in so far as the local jurisdiction depends upon the consent of the defendant it is sufficient if that consent be either previously given to the bringing of the suit or afterwards to its prosecution; and I am furthermore of the opinion that such consent need not expressly appear of record, but may be sufficiently shown by conduct of the defendant necessarily implying such consent. The authorities are uniform that it is not necessary that the consent of the proposed defendant shall be given in writing or upon the record in express terms or in advance of the institution of the suit, but that he will be deemed to have sufficiently consented if he appears and pleads to the merits, without objection to the jurisdiction for want of consent, and will not be allowed thereafter to withdraw his consent or object to the jurisdiction of the court on the ground of want of consent. Loveland on Bankruptcy (3d Ed.) § 20, p. 97; 2 Remington on Bankruptcy, § 1698, p. 1048; In re Connolly (D. C.) 100 Fed. 620, 626; In re Steuer (D. C.) 104 Fed. 976, 977; Ryttenberg v. Schefer (D. C.) 131 Fed. 313, 317. And see, by analogy, Boonville Nat. Bank v. Blakey (C. C. A. 7) 107 Fed. 891, 893, 47 C. C. A. 43; Phillips v. Turner (C. C. A. 5) 114 Fed. 726, 728, 52 C. C. A. 358; Chauncey v. Dyke (C. C. A. 8) 119 Fed. 1, 55 C.

C. A. 579; In re Emrich (D. C.) 101 Fed. 231; In re Durham (D. C.) 114 Fed. 750, 751; In re Noel (D. C.) 137 Fed. 694, 699; In re Hadden Rodee Co. (D. C.) 135 Fed. 886.

[2] I therefore conclude that the defendants by appearing in the present suit and filing pleas to the merits, including not merely defensive pleas, but a plea of set-off in which they affirmatively invoked the jurisdiction of the court in their own behalf and prayed for judgment against the plaintiff, and by proceeding to a trial on the merits, without objection in any form for want of jurisdiction in the court, must now be deemed to have consented to the prosecution of the suit in this district within the true intent and meaning of section 23b of the Bankruptcy Act. By this course of proceeding they effectively gave their consent to the prosecution of the suit in this court; and having taken the chance of a favorable verdict, they cannot now, after an adverse result, be allowed to question the consent to the prosecution of the suit, thus repeatedly and solemnly expressed.

[3] 2. I furthermore am of the opinion that as section 23b of the Bankruptcy Act is not one conferring jurisdiction, but merely contains a limitation upon the local jurisdiction of the particular court in which the suit is brought, it is to be deemed merely a personal privilege given to the defendant, and that hence in a suit brought in a Federal Court where the case presented is within the general jurisdiction of the court, if the defendant appear and plead to the merits without objection for want of local jurisdiction under this section of the Act, he is to be deemed as having thereby waived his ground of objection to such local jurisdiction. Thus under the provision of section 1 of the Act of March 3, 1875, c. 137, 18 Stat. 470, as amended by the Act of August 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), that where the jurisdiction of a circuit court of the United States is founded only on the fact that the action is between citizens of different States, the suit shall be brought only in the district of the residence of either the plaintiff or the defendant, it is well settled that where diversity of citizenship exists, so that the case is cognizable in some circuit court, the right of objecting to the local jurisdiction in the particular district in which the suit is brought for want of proper residence of the parties, is merely a personal privilege of the defendant, which he may waive, and which he will be held to waive by appearing and pleading to the merits. St. Louis Ry. Co. v. McBride, 141 U. S. 127, 131, 11 Sup. Ct. 982, 35 L. Ed. 659; Interior Const. Co. v. Gibney, 160 U. S. 217, 219, 16 Sup. Ct. 272, 40 L. Ed. 401; In re Keasbey & Mattison Co., 160 U. S. 221, 229, 16 Sup. Ct. 273, 40 L. Ed. 402; In re Moore, 209 U. S. 490, 501, 28 Sup. Ct. 585, 52 L. Ed. 904; Western Loan Co. v. Mining Co., 210 U. S. 368, 369, 28 Sup. Ct. 720, 52 L. Ed. 1101. If a defendant thus waives the positive provision of an Act that the suit shall only be brought in a certain district, he must, a fortiori, be held to waive in like manner the provision of an Act which expressly recognizes that he may consent to the local jurisdiction.

The defendants' motion to dismiss and to arrest the judgment must, therefore, on the ground upon which it is based, be overruled.

[4] 3. The consideration of the foregoing question has, however, brought to my attention the more serious question, which is not specifically raised by the defendants, as to whether or not, although the defendants have consented to the local jurisdiction of this court and have waived any ground of objection thereto under the limitations contained in section 23b of the Bankruptcy Act, the record shows that the case is otherwise one within the jurisdiction of this court as a Circuit Court of the United States. If the record is defective in this respect and fails to show a case within the general jurisdiction of the court, such defect, as distinguished from a mere ground of objection to the local jurisdiction or venue of the suit under section 23b of the Bankruptcy Act, is one which manifestly cannot be waived by the defendants, and their consent to the prosecution of the suit will be clearly unavailing to confer jurisdiction. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; So. Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Wolf v. Insurance Co., 148 U. S. 389, 13 Sup. Ct. 602, 37 L. Ed. 493; Empire Coal Co. v. Coal Co., 150 U. S. 159, 14 Sup. Ct. 66, 37 L. Ed. 1037; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. [5] And it being the duty of the court to inquire into such questions of jurisdiction on its own motion under the Act of March 3, 1875, c. 137, § 5, 18 Stat. 470, 472 (U. S. Comp. St. 1901, p. 511), the attention of counsel has been called to this question and supplemental briefs have been filed at the request of the court. After careful consideration I have reached the following conclusions:

[6] a. This suit is not one of which the court is given jurisdiction under section 23a of the Bankruptcy Act, which provides that the "United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversy had been had between the bankrupts and such adverse claimants," and under which suit may be brought by the trustee, regardless of his own personal citizenship, in any circuit court in which the bankrupt might have sued the defendant by reason of the amount involved and the diverse citizenship existing between the bankrupt and the defendant. Bush v. Elliott, 202 U. S. 477, 26 Sup. Ct. 668, 50 L. Ed. 1114. This section, it is clear, does not confer jurisdiction upon the Circuit Courts in all controversies in which trustees as such are involved, but only in controversies between a trustee and "adverse claimants" of the bankrupt's property, involving, generally speaking, "the ascertainment as between the trustee in bankruptcy and a stranger to the bankruptcy proceedings of the question whether certain property claimed by the trustee does or does not form part of the estate to be administered in bankruptcy" (Bardes v. Hawarden Bank, 178 U. S. 524, 536, 20 Sup. Ct. 1000, 44 L. Ed. 1175), and including a suit by the trustee to recover a money debt due from the defendant to the bankrupt and claimed by the trustee as the property of the bankrupt (Bush v. Elliott, supra, at

481 of 202 U. S., at page 668 of 26 Sup. Ct., 50 L. Ed. 1114). ▮ section of the Act, however, has no application where the contro- ▮y is not one with an adverse "claimant" as to right or title of the ▮stee to any property claimed by the trustee to have passed to him ▮der the adjudication in bankruptcy as part of the bankrupt estate, but involves transactions between the defendant and the trustee him- self, subsequent to the adjudication. Thus in a suit by the trustee in trover to recover the value of property that had belonged to the bank- rupt estate and had been converted by the defendant to his own use after title to the property had been vested in the trustee by virtue of the adjudication in bankruptcy, jurisdiction of the Circuit Court can- not be maintained under either clause of section 23 of the Bankruptcy Act, but, as in any other case where the requisite amount is involved, may be based upon diversity of citizenship between the trustee person- ally and the defendant. Spencer v. Silk Co., supra, 191 U. S. 527, 531, 24 Sup. Ct. 174, 48 L. Ed. 287. And in Babbitt v. Dutcher, 216 U. S. 102, 103, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, the court, in language evidently referring to controversies between trustees and adverse claimants of which the Circuit Courts are given jurisdiction under section 23a of the Bankruptcy Act, describes them in general terms as cases "where there is a claim of adverse title to the property of the bankrupt, based upon a transfer antedating the bankruptcy." Therefore as the present suit involves no controversy as to the right or title of the trustee to the logs which passed to him as part of the bankrupt estate, but merely his right to recover for the alleged breach of a contract made by the defendants for the purchase of the logs from the trustee himself, I think it clear that it is not a controversy with an adverse claimant of the bankrupt's property, within the mean- ing of section 23a of the Bankruptcy Act, and that the failure of the record to show the citizenship of the defendant itself is in view of the defendant's consent to the local jurisdiction and waiver of objection thereto, entirely immaterial.

[7] b. Since, therefore, the jurisdiction in a Circuit Court of a controversy of this character is not to be founded upon, or limited by, section 23a of the Bankruptcy Act, the jurisdiction must depend, if it exist at all, upon the general provisions as to the jurisdiction of such court contained in section 1 of the Judiciary Act of March 3, 1875, c. 137, 18 Stat. 470, as amended by the Act of August 13, 1880, c. 866, 25 Stat. 433, 434 (U. S. Comp. St. 1901, p. 508), subject to the limitation upon the local jurisdiction of a particular court contained in section 23b of the Bankruptcy Act, the effect of which has been heretofore considered. But while the amount involved in the pres- ent suit is sufficient, the difficulty is that no ground of jurisdiction in a Circuit Court is otherwise disclosed by the record. As the declara- tion sets forth no matter raising any controversy under the Constitu- tion, laws or treaties of the United States, the mere fact that the plain- tiff is a trustee in bankruptcy does not give jurisdiction to the Circuit Court. Spencer v. Silk Co., 191 U. S. 526, 531, 24 Sup. Ct. 174, 48 L. Ed. 287. [8] And while it appears from the plaintiff's brief that jurisdiction was intended to be rested upon diversity of citizenship,

and it is furthermore clear that in a controversy of this character coming within the provision of section 23a of the Bankruptcy Act jurisdiction of a Circuit Court may be based upon personal divers of citizenship between the trustee, as the plaintiff of record and t defendants (Coal Co. v. Blatchford, 11 Wall. 172, 175, 20 L. Ed. 17: Amory v. Amory, 95 U. S. 186, 24 L. Ed. 428; Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Spencer v. Silk Co., supra, 191 U. S. 527, 24 Sup. Ct. 174, 48 L. Ed. 287), such diversity of citizenship between the plaintiff and the defendant does not appear in the present record. The declaration merely alleges that the plaintiff was a resident of Kentucky when the declaration was .filed, and that the defendants were citizens of Tennessee when the declaration was filed. There is, however, no averment whatever as to the citizenship of the plaintiff at any time, and no averment as to the citizenship of the defendants at the time the suit was brought. It is well settled that an averment that one of the parties to a suit is a resident of a particular State does not import that he is a citizen of that State so as to confer Federal jurisdiction on the ground of diversity of citizenship. Brown v. Keene, 8 Pet. 112, 8 L. Ed. 885; Shelton v. Tiffin, 6 How. 163, 12 L. Ed. 387; Robertson v. Cease, 97 U. S. 646, 649, 24 L. Ed. 1057; Grace v. Ins. Co., 109 U. S. 278, 284, 3 Sup. Ct. 207, 27 L. Ed. 932; Continental Co. v. Rhoads, supra; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 874, 30 L. Ed. 914; Anderson v. Watt, 138 U. S. 694, 702, 11 Sup. Ct. 449, 34 L. Ed. 1078; Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966, 35 L. Ed. 657; Cooper v. Newell, 155 U. S. 532, 534, 15 Sup. Ct. 355, 39 L. Ed. 249; Oxley Stave Co. v. Butler County, 166 U. S. 648, 655, 17 Sup. Ct. 709, 41 L. Ed. 1149; Tug River Co. v. Brigel (C. C. A. 6) 67 Fed. 625, 14 C. C. A. 577. Where jurisdiction depends upon diversity of citizenship, such citizenship, or the facts which in legal intendment constitute it, must be distinctly or positively averred in the pleadings or appear positively and with equal distinctness in other parts of the record. Grace v. Insurance Co., supra, 109 U. S. 284, 3 Sup. Ct. 207, 27 L. Ed. 932. And since it is admitted in the plaintiff's brief that the necessary diversity of citizenship was not shown in the proof it is unnecessary to determine whether the want of a sufficient averment of diversity of citizenship could have been cured upon the trial by proof which might hereafter be incorporated as a part of the record by bill of exceptions, under the rule that a suit should not be dismissed although diversity of citizenship is not averred in the pleadings if it otherwise affirmatively appear from the formal record that diversity of citizenship or other jurisdictional facts exist. Robertson v. Cease, supra, 97 U. S. 649, 24 L. Ed. 1057; Grace v. Insurance Co., supra, 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932; Anderson v. Watt, supra, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078; Toledo Traction Co. v. Cameron (C. C. A. 6) 137 Fed. 48, 69 C. C. A. 28. Furthermore, where jurisdiction depends upon diversity of citizenship alone and there is no change of the parties, such jurisdiction is to be determined by the status of the parties at the commencement of the suit. Conolly v. Taylor, 2 Pet. 556, 563, 7 L. Ed. 518; Crehore

Railway Co., 131 U. S. 240, 243, 9 Sup. Ct. 692, 33 L. Ed. 144; Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249; Anderson v. Watt, supra, 138 U. S. 703, 11 Sup. Ct. 449, 34 L. Ed. 1078; Ex parte Wisner, 203 U. S. 449, 460, 27 Sup. Ct. 150, 51 L. Ed. 264. Plainly, therefore, the declaration fails to aver the necessary diversity of citizenship of the parties at the time the suit was commenced so as to give this court jurisdiction of the controversy; and this defect in the pleadings is not supplied by any other portion of the record.

[9] c. The plaintiff, however, has asked leave to now amend his declaration by alleging that he is and was at the commencement of this suit a citizen of Kentucky, and that the bankrupt is and was at the commencement of this suit a citizen of Kentucky, and in support of this application has tendered affidavits showing such citizenship of the plaintiff and a certified copy of the charter of the bankrupt showing it to be a Kentucky corporation.

The authority of the trial court to permit, in the exercise of its discretion, amendments to the pleadings making necessary jurisdictional averments, even after a case has been remanded by the appellate court for want of such averments, is well settled. Continental Ins. Co. v. Rhoads, supra; Menard v. Goggan, supra; Horne v. Hammond Co., 155 U. S. 393, 15 Sup. Ct. 167, 39 L. Ed. 197; Cooper v. Newell. 155 U. S. 532, 15 Sup. Ct. 355, 39 L. Ed. 249; Tug River Co. v. Brigel, supra; Betzoldt v. Insurance Co. (C. C.) 47 Fed. 705.

[10] And such amendment may properly be allowed by the trial court even after verdict and entry of judgment thereon. In Mex. Cent. Ry. v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47 L. Ed. 715, in which, as in the present case, the plaintiff merely alleged his residence and the citizenship of the defendant, it was held that after a verdict in plaintiff's favor and judgment thereon, but while the trial court still had control of the record, the plaintiff was, upon motion supported by affidavit, properly allowed by the trial court, in the exercise of its discretion, and under R. S. § 954 (U. S. Comp. St. 1901, p. 696), to amend his complaint so as to properly aver his citizenship; and it not appearing from the record that the defendant had then sought to contest the plaintiff's citizenship, although excepting to the allowance of the amendment, the judgment below was affirmed. This case is conclusive of the present question. And see, by analogy, Morris v. Gilmer, 129 U. S. 315, 316, 9 Sup. Ct. 289, 32 L. Ed. 690; Carr v. Fife, 156 U. S. 494, 497, 15 Sup. Ct. 427, 39 L. Ed. 508; Wetmore v. Rymer, 169 U. S. 115, 120, 18 Sup. Ct. 293, 42 L. Ed. 682; Toledo Traction Co. v. Cameron (C. C. A. 6) 137 Fed. 48, 69 C. C. A. 28.

[11] Under these authorities I am clearly of the opinion that it is now the duty of the court in the exercise of its discretion, instead of dismissing the suit for want of jurisdiction, to permit upon proper showing, an amendment to the declaration so as to make the necessary jurisdictional averments. And while for the reasons hereinbefore stated, I am of opinion that in view of the consent given by the defendants to the prosecution of this suit and their waiver of objection to the local jurisdiction, the citizenship of the bankrupt is immaterial,

yet as the fact that said bankrupt is and was a citizen of Kentucky properly pleaded and not denied, would remove the sole ground objection sought to be made to the local jurisdiction, I think it prope that such amendment also should be permitted. The difficulty, however, with the affidavits heretofore tendered is that they do not disclose the citizenship of the defendants at the time the suit was commenced; and no leave has been specifically prayed to amend the declaration in this regard. Since, however, such diversity of citizenship at the commencement of the suit is essential to jurisdiction, under the authorities above cited, and the other amendments without them would be insufficient to show jurisdiction, I am of opinion that leave to amend at all should be denied until a proper showing has been made in this respect also. On the whole, I conclude that leave should now be granted to the plaintiff to tender within ten days from the date of the filing of this opinion, an affidavit or affidavits showing the citizenship of the defendants at the time this suit was commenced, and if it appear from such affidavits that the necessary diversity of citizenship existed at the commencement of the suit, that leave should then be granted to the plaintiff to file the affidavits heretofore tendered and such supplemental affidavit or affidavits, and to amend his declaration so as to aver the citizenship of the plaintiff, the bankrupt and the defendants at the time both the suit was brought and at the present time, in accordance therewith.

Upon the making of such amendments the defendants will then be allowed ten days in which to challenge the jurisdictional averments by plea in abatement in the nature of a plea to the jurisdiction. Hartog v. Memory, 116 U. S. 588, 590, 6 Sup. Ct. 521, 29 L. Ed. 725; Imperial Refining Co. v. Wyman (C. C.) 38 Fed. 574, 3 L. R. A. 503; Morison's Tenn. Plead. & Forms, 24; Code of Tennessee, § 2901 (Shan. 4622). If such plea is not filed, the jurisdictional averments will then become conclusive upon the defendants under the doctrine of Hartog v. Memory and Imperial Refining Co. v. Wyman, supra. And see Jones v. League, 18 How. 76, 15 L. Ed. 263; Railroad Co. v. Quigley, 21 How. 202, 214, 16 L. Ed. 73; Deputron v. Young, 134 U. S. 241, 251, 10 Sup. Ct. 539, 33 L. Ed. 923; Code of Tennessee, § 2910 (Shan. 4631). And the defendants' motion for a new trial will then be entertained by the court on the merits. If such plea in abatement is filed, the court will then determine whether the jurisdictional issues joined thereunder should be heard and determined by the court upon affidavits or depositions, or should be submitted to a jury. See Jones v. League, 18 How. 76, 15 L. Ed. 263; Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729; Chicago & N. W. Ry. Co. v. Ohle, 117 U. S. 123, 6 Sup. Ct. 632, 29 L. Ed. 837; Wetmore v. Rymer, supra; Mex. Cent. Ry. Co. v. Duthie, supra; Globe Ref. Co. v. Cotton Oil Co., 190 U. S. 540, 547, 23 Sup. Ct. 754, 47 L. Ed. 1171; Ashley v. Board of Supervisors, 83 Fed. 534, 27 C. C. A. 585; Mex. Cent. Ry. v. Glover (C. C. A. 5) 107 Fed. 356, 357, 46 C. C. A. 334; Imperial Refining Co. v. Wyman, supra. But since it is clear that even if the jurisdictional issues are submitted to a jury such submission should be separate from the issues upon the merits (Terry v. Davy [C. C.

A. 6] 107 Fed. 50, 52, 46 C. C. A. 141; Mex. Cent. Ry. Co. v. Glover, supra, 107 Fed. 357, 46 C. C. A. 334; Imperial Refining Co. v. Wyman, supra, 38 Fed. 574, 3 L. R. A. 503), the question of citizenship forming "no part of the issue on the merits" (Coal Co. v. Blatchford, 11 Wall. 172, 178, 20 L. Ed. 179), I see no reason why, in either event, the pending determination of such issues, if jurisdiction is ultimately found to exist, should affect the validity of the verdict heretofore rendered upon the merits, and am clearly of opinion that under the authority of Mex. Cent. Ry. v. Duthie, and Toledo Traction Co. v. Cameron, supra, the proper practice is to permit the verdict to stand for the present and to hereafter take such action in regard thereto, upon the motion for a new trial or otherwise, as may appear proper after the determination of the jurisdictional questions. In the meantime the determination of the motion for a new trial will be deferred until after the disposition of the jurisdictional questions, as hereinabove indicated, with the reservation of full authority in the court to act upon such motion after the disposition of such jurisdictional questions, either at the present or a subsequent term of court.

An order will be entered in accordance with this opinion.