## BUSH *v.* ELLIOTT.

## BUSH *v.* ELLIOTT CAR COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ALABAMA.

Nos. 245, 246. Argued April 24, 25, 1906.—Decided May 21, 1906.

Where by reason of the amount involved and the diverse citizenship exist-
ing the bankrupt might have sued the defendant in the Circuit Court of
the United States, independently of the bankruptcy proceedings, under
§ 23 of the act of 1898 that right is preserved to the trustee, and the
citizenship of the latter is wholly immaterial to the jurisdiction of the
court in such a case.

THE facts are stated in the opinion.

*Mr. James H. Beal* and *Mr. George D. Lancaster*, with whom
was *Mr. John P. Tillman* on the brief, for plaintiffs in error.

*Mr. Amos E. Goodhue* for defendants in error.

MR. JUSTICE DAY delivered the opinion of the court.

These cases were heard together and concern the same ques-
tion upon practically the same facts. They involve the juris-
diction of the Circuit Court of the United States to entertain
a suit to recover upon an alleged cause of action for moneys
due the bankrupt at and prior to the adjudication in bank-
ruptcy, where one of the trustees in bankruptcy is a citizen of
the same State with the defendant, and the bankrupt a citizen
of another State.

The suits were brought by the plaintiffs as trustees in bank-
ruptcy of the Southern Car and Foundry Company, a corpora-
tion organized under the laws of New Jersey and a citizen of

that State, against the Elliott Car Company, a corporation and a citizen of the State of Alabama, and against J. M. Elliott, Jr., a citizen of the same State. They were to recover certain sums of money alleged to have been lent by the bankrupt, for goods sold and delivered to the defendants, and upon an account stated and for money paid for them by the bankrupt. In both cases motions to dismiss were filed upon the ground that the Circuit Court of the United States had no jurisdiction because Thomas G. Bush, one of the trustees in bankruptcy, is and was at the time of the beginning of the suit a citizen of the State of Alabama, the same State of which the defendants were citizens, and the defendants had not consented to be sued in the Circuit Court of the United States in which the action was brought. The Circuit Court held that it had no jurisdiction and dismissed the suit.

The correctness of the decision of the court below depends upon the construction of section 23 of the Bankruptcy Act of 1898. This section, entitled "Jurisdiction of the United States and State Courts," prior to the amendment of February 5, 1903, read as follows: "a. The United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. b. Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant." By the amendment of February 5, 1903, the following words were added to clause b: "except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e." The excepted suits, for the recovery of property, covered by the

amendment of 1903, pertain to actions to recover property conveyed by the bankrupt in fraud of the act, and do not concern actions of the character of those now under consideration.

Both sides cite and rely upon the case of *Bardes* v. *Hawarden Bank,* 178 U. S. 524, in which case it was held that a District Court of the United States had no jurisdiction of an action brought by the trustee to set aside an alleged fraudulent transfer made by the bankrupt within four months before the proceedings in bankruptcy. That case pertained to an action to set aside a fraudulent conveyance of property which had not come into the control of the bankruptcy court. In later cases it has been held that the decision did not extend to cases wherein the bankrupt court had acquired jurisdiction over the subject matter of the property as that of the bankrupt, as to which the bankrupt courts have been held to have jurisdiction under the power conferred in subdivision seven, section two, of the act. *White* v. *Schloerb,* 178 U. S. 542; *Bryan* v. *Burnheimer,* 181 U. S. 188, in which case the opinion was given by Mr. Justice Gray, who also delivered the opinion in the *Bardes* case, and *Whitney* v. *Wenman,* 198 U. S. 539.

While the *Bardes* case involved only the jurisdiction of the District Court, we think the principles announced in the opinion of Mr. Justice Gray in that case, when applied to the one now under consideration, are decisive in favor of the jurisdiction of the Circuit Court to entertain these suits. The elaborate consideration of the history of section 23 of the present Bankruptcy Act, given in the *Bardes* case, renders it unnecessary to do more than epitomize from the opinion so much thereof as is necessary to an understanding of the question now made as to the jurisdiction of the Circuit Court.

The Bankruptcy Act of 1898, in respect to the matters now under consideration, was a radical departure from the act of 1867, in the evident purpose of Congress to limit the jurisdiction of the United States courts in respect to controversies which did not come simply within the jurisdiction of the Federal courts as bankruptcy courts, and to preserve, to a

greater extent than the former act, the jurisdiction of the state courts over actions which were not distinctly matters and proceedings in bankruptcy. Under the act of 1867 the jurisdiction of District and Circuit Courts of the United States was concurrent with the state courts of suits in law or in equity brought by or against the assignee in reference to property of the bankrupt or to claims alleged to be due from or to him. *Lathrop* v. *Drake*, 91 U. S. 516; *Bardes* v. *Hawarden Bank*, 178 U. S. 531, 532. The intention of Congress to prevent actions not strictly proceedings in bankruptcy from coming within the jurisdiction of the United States courts, except in certain cases, was enacted into law in the section of the statute now under consideration. Of clause *a*, Mr. Justice Gray, speaking for the court in the *Bardes* case, said:

"The first clause provides that 'the United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy' (thus clearly recognizing the essential difference between proceedings in bankruptcy, on the one hand, and suits at law or in equity on the other), 'between trustees as such and adverse claimants, concerning the property acquired or claimed by the trustees,' restricting jurisdiction, however, by the further words, 'in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupt and such adverse claimants.' This clause, while relating to the Circuit Courts only, and not to the District Courts of the United States, indicates the intention of Congress that the ascertainment, as between the trustee in bankruptcy and a stranger to the bankruptcy proceedings, of the question whether certain property claimed by the trustee does or does not form part of the estate to be administered in bankruptcy, shall not be brought within the jurisdiction of the national courts solely because the rights of the bankrupt and of his creditors have been transferred to the trustee in bankruptcy."

Clause *a* thus construed gives jurisdiction to such a con-

troversy as the present one, for the jurisdiction is not attempted to be enlarged because of a title in the trustee derived under the bankruptcy proceedings, which it was the purpose of this clause to prevent. Loveland on Bankruptcy, 2d ed., 105.

The suit concerns the right to recover a money debt which is property, *Pirie* v. *Chicago Title and Trust Co.*, 182 U. S. 438, and, in the sense of the law, is with an adverse claimant "concerning property acquired or claimed by the trustee," and is a controversy of which the Circuit Court had jurisdiction, as between the bankrupt and the claimant, but for the bankruptcy proceedings.

The act of 1841 (sec. 8 ) gave the Circuit Court concurrent jurisdiction with the District Court of suits at law and in equity "which may and shall be brought by the assignee against any person or persons claiming an adverse interest, or by such persons against such assignees touching any property or rights of property of the bankrupt, transferable to or vested in such assignee." It was held that the Circuit Court had jurisdiction to recover a debt due the bankrupt at the suit of the assignee, and that the debtor was a party claiming an adverse interest within the sense of the act. *Mitchell* v. *Great Works Milling Company*, 2 Story, 648; *Pritchard* v. *Chandler*, 2 Curtis, 488. While the phraseology of the present act is somewhat different, its provisions come to practically the same thing in this respect.

Of clause *b*, in the *Bardes* case, it was said:

"But the second clause applied both to the District Courts, and to the Circuit Courts of the United States, as well as to the state courts. This appears, not only by the clear words of the title of the section, but also by the use, in this clause, of the general words 'the courts,' as contrasted with the specific words 'the United States Circuit Courts,' in the first and in the third clauses.

"The second clause positively directs that 'suits by the trustee shall only be brought or prosecuted in the courts where

the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant.'

"Had there been no bankruptcy proceedings, the bankrupt might have brought suit in any state court of competent jurisdiction; or, if there was a sufficient jurisdictional amount, and the requisite diversity of citizenship existed, or the case arose under the Constitution, laws, or treaties of the United States, he could have brought suit in the Circuit Court of the United States. Act of August 13, 1888, c. 866; 25 Stat. 434. He could not have sued in a District Court of the United States, because such a court has no jurisdiction of suits at law or in equity between private parties, except where, by special provision of an act of Congress, a District Court has the powers of a Circuit Court, or is given jurisdiction of a particular class of civil suits."

And after pointing out that the Bankruptcy Act of 1898 did not intend to confer the jurisdiction given under the former bankruptcy acts, the opinion continues:

"Congress, by the second clause of section 23 of the present bankrupt act, appears to this court to have clearly manifested its intention that controversies, not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustee in bankruptcy to assert a title to money or property as assets of the bankrupt against strangers to those proceedings, should not come within the jurisdiction of the District Courts of the United States, 'unless by consent of the proposed defendant,' of which there is no pretence in this case."

Applying the principles thus announced, remembering that we are dealing with an action which might have been brought by the bankrupt, but for the bankruptcy proceedings, in a Circuit Court of the United States, we think it is apparent that this action comes within the provisions of section 23 of the act of 1898. The effect of clause *a*, as pointed out by

Mr. Justice Gray, is to prevent the jurisdiction of the United States Circuit Court from attaching, because of the appointment of a trustee in bankruptcy. In other words, the jurisdiction of the United States courts was not to be extended, as had been done under the former acts, because of the institution of the proceedings in bankruptcy. Under clause *b* the jurisdiction of all courts is affected, and this clause pertains to suits begun by the trustee, and he is not (prior to the amendment of February 5, 1903) permitted to prosecute suits unless by the consent of the defendant, except where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted. That is, while the jurisdic- of the courts was not to be extended because of the bankruptcy proceedings or the citizenship of the trustee, it was preserved to the trustee, in the jurisdiction where the bankrupt might have brought or prosecuted the suit but for the bankruptcy proceedings. While this section preserves the jurisdiction of the United States Circuit Courts over cases coming within clause *a*, in clause *b* the right of suit by the trustee is limited to courts wherein the bankrupt might have brought or prosecuted the action had the bankruptcy proceedings not been instituted.

The case of *Spencer* v. *Duplan Silk Company*, 191 U. S. 526, relied upon by the counsel for defendant in error, does not militate against this construction. In that case the question was as to the right to appeal directly to this court where an action had been begun in the state court by the trustee and was removed, on the ground of diverse citizenship, to the Federal court. It was held that the jurisdiction of the Circuit Court was acquired because of diverse citizenship and not under section 23 of the Bankruptcy Act, and consequently the judgment was final in the Circuit Court of Appeals. The same principle was recognized in *Cochran* v. *Montgomery County*, 199 U. S. 260, decided at this term.

The action in the present case was to recover a sum of money alleged to have been due, prior to the bankruptcy proceedings,

to the Southern Car and Foundry Company, which was a citizen of the State of New Jersey. The amount involved and the diverse citizenship of the parties were such that the car company might have sued the defendant, a citizen of the State of Alabama, in the Circuit Court of the United States independently of the bankruptcy proceedings. We think, by the terms of this section, it was intended to preserve this right to the trustee in bankruptcy, and that the citizenship of the trustee is wholly immaterial to the jurisdiction of such a case.

The Circuit Court erred in reaching the contrary conclusion, and its judgment is

*Reversed.*