## MASSACHUSETTS MUT. LIFE INS. CO. v. GROSSMAN et al.

District Court, S. D. New York.

Oct. 17, 1933.

Cabell, Ignatius & Lown, of New York City (James M. Lown, of New York City, of counsel), for plaintiff.

Javits & Javits, of New York City (Selig J. Leviton, of New York City, of counsel), for Grossman, trustee.

WOOLSEY, District Judge.

The motion to dismiss will be granted on jurisdictional grounds unless plaintiff amends complaint within twenty days of entry of order hereon, and meantime the temporary injunction will remain in force.

I. An interpleader suit involving a trustee in bankruptcy is not an interference with, and cannot mature into any charge on, the assets, for it is merely an invitation to come in and get some more assets if the trustee is entitled thereto. It does not, therefore, come within the principle of Vass v. Conron Bros. Co., 59 F.(2d) 969, 971 (C. C. A. 2), and leave to interplead trustee need not be secured from the court of bankruptcy which appointed him. This motion must, therefore, turn on subject-matter jurisdiction.

II. Under the provisions of title 28 United States Code, § 41 (26), 28 USCA § 41 (26), giving jurisdiction to United States courts in bills of interpleader by insurance companies, jurisdiction is based on the fact that "two or more adverse claimants, citizens of different States, are claiming to be entitled to such insurance. * * *"

Where jurisdiction is based on diversity of citizenship and a trustee in bankruptcy is involved, it is the citizenship of the bankrupt and not of the trustee which is material. Bush v. Elliott, 202 U. S. 477, 483, 484, 26 S. Ct. 668, 50 L. Ed. 1114. The allegation here as to the citizenship of the trustee is, therefore, inconclusive as to subject-matter jurisdiction, and while it should remain, the amendment of the complaint should set forth fully all the facts as to the citizenship of the bankrupt, and, if a firm, as here, of its partners.

III. Whilst on a motion to dismiss for want of jurisdiction in face of complaint, I only look to that pleading. I have affidavits before me herein which show:

1. That the firm of Brooks & Co. was a New Jersey partnership composed of George S. Brooks and Charles Lekus, deceased, the insured.

2. That George S. Brooks, the surviving partner, was and is a citizen and resident of Elizabeth, N. J.

3. That Charles Lekus, a citizen of New York State, has died since the bankruptcy proceeding began.

4. That the claim, in respect of which the trustee is impleaded, if valid, is a partnership asset, which arose after the death of Lekus, and, in the absence of bankruptcy, would have vested in Brooks, as surviving partner—and Brooks is a citizen of New Jersey.

The amendment should set forth at least the above facts in detail, and then jurisdiction can be finally tested if either of interpleader parties are advised to do so.

Settle order on notice.