## MARTIN v. CLARKE.
### No. 42689.

District Court, N. D. Illinois, E. D.

June 29, 1937.

Frank R. Leonard, of Chicago, Ill., for plaintiff.

Eckert & Peterson, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

This matter comes up on a motion of the defendant to vacate the judgment heretofore entered and to dismiss the proceeding for want of jurisdiction.

This is a suit brought by the trustee in bankruptcy of the estate of Power Door Company, a Delaware corporation, against Harley L. Clarke. The declaration was filed October 16, 1933.

The defendant entered his appearance by his counsel, filed pleas, and in due time the case was placed upon the trial calendar, and a trial was had resulting in a judgment in favor of the plaintiff and against the defendant in the sum of $29,-000. Counsel for defendant actively participated in the trial, and at the conclusion thereof the court, a jury having been waived, made a general finding for the plaintiff and entered judgment on the finding.

Jurisdiction is invoked under section 23 of the Bankruptcy Act (11 U.S.C.A. § 46). The bankrupt corporation is a Delaware corporation. The defendant is a resident of Illinois, as is also the trustee in bankruptcy.

The suit is based upon a subscription by the defendant to the capital stock of the bankrupt corporation. It is alleged that the defendant subscribed for 940 shares each of the preferred and common stock of the bankrupt at $80 per share for the preferred and $20 per share for the common. Under the subscription agreement, "one-half of the said subscription shall be paid in cash forthwith and the balance as called for from time to time by the Board of Directors of the Corporation. Certificates for said shares shall be issued as the same are paid for hereunder." The defendant paid all of his subscription excepting a balance of $29,000 for which the suit was brought. The referee in bankruptcy, pursuant to notice given in the bankrupt estate, made an assessment for the unpaid balance of the subscription.

The only question raised by this motion is as to the jurisdiction of the court to enter judgment. If the court has jurisdiction, it must be by reason of the provisions of section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46. It seems to the court that this matter has been conclusively determined by adjudicated cases by which the court is bound. It would seem that this suit may be maintained under paragraph a of section 23 (11 U.S.C.A. § 46 (a), giving the District Court jurisdiction of all controversies at law as distin-

guished from proceedings in bankruptcy between trustees as such and adverse claimants concerning the property acquired or claimed by the trustee in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted. As the court understands the adjudicated cases, this is a suit between the trustee and an adverse claimant concerning property claimed by the trustee. In such case the residence of the bankrupt, and not the residence of the trustee in bankruptcy, is the determining factor as to residence for the purpose of jurisdiction. Bush v. Elliott, 202 U.S. 477, 26 S.Ct. 668, 50 L.Ed. 1114.

■ In the case of Stiefel v. 14th Street & Broadway Realty Corporation (C.C.A.) 48 F.(2d) 1041, 1044, the court say: "We adhere to our ruling that it is only when the trustee is suing upon a right not derivative from the bankrupt that jurisdiction depends upon his citizenship; in all cases directly arising out of the bankrupt's property, it is the bankrupt's citizenship that controls."

In the case now under consideration the cause of action directly arises out of the bankrupt's property. It is derivative from the bankrupt, and therefore as to questions of jurisdiction the citizenship of the bankrupt controls.

■ In the case last cited the court distinguished the case of McEldowney v. Card (C.C.) 193 F. 475. The McEldowney suit was a suit by a trustee suing upon a contract made by him. As pointed out in the Stiefel Case: "The action could by no stretch be said to 'concern' the bankrupt's property, and the language relied upon is to be read in connection with the facts."

If it could be said that the jurisdiction of this court is invoked under paragraph b, 11 U.S.C.A. § 46 (b), then the case of Seegmiller v. Day, 249 F. 177, 178 (C.C.A. 7th Cir.), is controlling. Among other things, the trustee in bankruptcy brought suit to collect upon an unpaid stock subscription. The defendant consented to the jurisdiction. The court say: "But as to these items of the recovery, as well as that of the unpaid stock subscription, we are of opinion that, under the circumstances here appearing, that part of section 23b [11 U.S.C.A. § 46 (b)] providing for jurisdiction of the bankrupt court through the consent of the proposed defendant is here effective to confer jurisdiction on the

federal court. As to these items the bill fully informed appellant, and he filed full and specific answer to these charges, without suggestion of objection on his part to the jurisdiction of the bankruptcy court to hear and determine those issues. The record disclosing no objection to the jurisdiction, but, on the contrary, showing active participation by appellant through full answer upon the merits, appellant's consent to the jurisdiction of the District Court, so far as his consent may have been necessary, thus sufficiently appears."

In the case now before the court the defendant appeared, pleaded, participated in the trial, and consented to the jurisdiction.

The court is of opinion that it had jurisdiction of the cause, and therefore the motion to dismiss for want of jurisdiction is denied.

Defendant makes the further motion to vacate the judgment for the plaintiff and to enter judgment for the defendant. This motion must be denied. In the judgment of the court the evidence fails to show any defense to the action.